NUMBERS 13-09-00337-CR 


 13-09-00338-CR


COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


______________________________________________________________

 

PATRICK HUGHES, Appellant,


v.



THE STATE OF TEXAS, Appellee. 

_____________________________________________________________


On appeal from the 148th District Court 


of Nueces County, Texas.


______________________________________________________________


MEMORANDUM OPINION


 

Before Justices Rodriguez, Garza, and Benavides


Memorandum Opinion Per Curiam


 Appellant, Patrick Hughes, attempted to perfect appeals from a conviction for
possession of cocaine and tampering with or fabricating physical evidence. We dismiss
the appeals for want of jurisdiction.

 The trial court imposed sentences in these matters on March 20, 2009. Appellant
filed notices of appeal on May 19, 2009. On October 15, 2009, the Clerk of this Court
notified appellant that it appeared that the appeals were not timely perfected and that the
appeals would be dismissed if the defect was not corrected within ten days from the date
of receipt of the Court's directive. Appellant has not filed a response to the Court's
directive. 

 Unless a motion for new trial has been timely filed, a notice of appeal must be filed
within thirty days after the day sentence is imposed or suspended in open court, or after
the day the trial court enters an appealable order. Tex. R. App. P. 26.2(a)(1). Where a
timely motion for new trial has been filed, the notice of appeal must be filed within ninety
days after the day sentence is imposed or suspended in open court. See id. 26.2(a)(2). 
The time within which to file the notice may be enlarged if, within fifteen days after the
deadline for filing the notice, the party files the notice of appeal and a motion complying
with Rule 10.5(b) of the Texas Rules of Appellate Procedure. See id. 26.3.

 Appellant did not file a motion for new trial. Therefore, his notice of appeal was due
to have been filed on or before April 20, 2009. See Tex. R. App. P. 26.2(a)(2). Appellant
did not file a motion for extension of time to file his notice of appeal as permitted by Texas
Rule of Appellate Procedure 26.3 and did not file his notice of appeal until May 19, 2009.

 This Court's appellate jurisdiction in a criminal case is invoked by a timely filed
notice of appeal. Olivo v. State, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). Absent a
timely filed notice of appeal, a court of appeals does not have jurisdiction to address the
merits of the appeal and can take no action other than to dismiss the appeal for want of
jurisdiction. Slaton v. State, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998). Appellant's
notice of appeal was untimely, and accordingly, we lack jurisdiction over the appeal. See
Slaton, 981 S.W.2d at 210. 

 Appellant may be entitled to an out-of-time appeal by filing a post-conviction writ of
habeas corpus returnable to the Texas Court of Criminal Appeals; however, the availability
of that remedy is beyond the jurisdiction of this Court. See Tex. Code Crim. Proc. Ann.
art. 11.07, § 3(a) (Vernon 2005); see also Ex parte Garcia, 988 S.W.2d 240 (Tex. Crim.
App. 1999).

 The appeals are DISMISSED FOR WANT OF JURISDICTION. PER CURIAM

Do not publish. 

Tex. R. App. P. 47.2(b).


Delivered and filed the 

14th day of January, 2010.